## T. O. Prather v. The State.

12　401
35　393

1. Local Option Law.— As has been heretofore held by this court, the validity of the operation of the "Local Option Law" depends upon whether the election, and all of the steps taken by the Commissioners' Court in reference thereto, have been in pursuance of the act governing the same.

2. SAME.— That a petition signed by at least fifty of the qualified voters of the county be first filed is a condition precedent to the legality of an order of the Commissioners' Court directing that an election under the "Local Option Law" be held, and such a petition alone can invest that court with jurisdiction in the premises.

3. SAME— EVIDENCE.— That the election was held in accordance with the law is a fact which must be alleged and proved, in order to authorize a conviction for the violation of the "Local Option Law."

4. SAME.— An order of the court calling the election which recites that it was based upon a petition signed by a designated person and "many other citizens of the county" is insufficient to show that the petition was such as is required by law.

5. SAME.— The order of the court declaring the result of the election is *prima facie* evidence that the election had been properly held, in accordance with law, provided the jurisdiction of the court had first been established, and provided the proceedings upon their face do not show that the election was not held in accordance with law. And the recital in the order that the newspaper in which the court required the order to be published had the largest circulation of the papers published in the county is *prima facie* evidence of that fact.

6. EVIDENCE.— In a prosecution for violating the "Local Option Law," it being in proof that the defendant sold a preparation called "Tolu," he was entitled to prove, if he could, that the liquid he sold did not come within the inhibition of the statute, but was a medicine and not an intoxicating liquor, and he was entitled to prove any fact or circumstance tending to rebut or disprove the charge against him.

APPEAL from the County Court of Bosque. Tried below before the Hon. R. G. CHILDRESS, County Judge.

The opinion discloses the nature of the case and the evidence. The penalty imposed by the jury was a fine of $75, and ten days' confinement in the county jail.

No brief for the appellant has reached the Reporters.

*H. M. Holmes*, for the State.

WILLSON, J. The defendant was convicted of selling intoxicating liquor in violation of the law known as the "Local Option Law." The affidavit and information charging the offense, we think, are good. We have been

unable to discover any material variance between the affidavit and the information, as suggested in defendant's motion to quash the information.

The first question that presents itself in the case is as to the evidence introduced to prove that an election had been held in accordance with the laws of the State. This evidence consists of:

1. An order of the Commissioners' Court of Bosque county, made and entered at a regular term of said court, on the 14th day of November, 1881, ordering an election to be held in said county under the act known as the "Local Option Act," said election to be held on the 10th day of December, 1881. The order recites that it was made in response to the petition of L. H. Crutchfield and many other citizens of Bosque county. In other respects the order complies with the law.

2. An order of said Commissioners' Court made and entered at a special term of said court held on the 23d day of December, 1881, which order declared the result of the election held on the 10th day of December, 1881, to have been in favor of prohibition, and proceeded in the usual form to declare prohibition, and to order publication of the order, etc.

3. W. A. Fields testified that the last named order of the court had been published in the "Blade" for four consecutive weeks prior to its going into effect, and that he was one of the publishers of the "Blade," which was published in Meridian.

Article 378 of the Penal Code makes it an offense to sell, etc., any intoxicating liquor whatever, in any county, etc., after the qualified voters of such county, etc., have determined at an election *held in accordance with the laws of this State* that the sale, etc., shall be prohibited. It is thus made a part of the description and definition of the offense that the election declaring prohibition shall have been held in accordance with the laws of this State, and

in order, therefore, to convict a person of this offense it must be alleged and proved that the election was so held. It is just as essential to allege and prove this constituent element of the offense as it is to allege the sale, etc. For a proper solution of this subject we must therefore refer to the statute providing for an election in such cases.

We find that by that statute it is provided that there must be a petition of at least fifty qualified voters of the county, petitioning the Commissioners' Court to order the election. (Rev. Stats. art. 3227.) The evidence in this case fails to show the petition required by the statute. Is it sufficient that the order of the court which orders the election recites that there was a petition signed by L. H. Crutchfield and many other citizens of Bosque county? We think not. It is the petition that confers upon the Commissioners' Court the jurisdiction to order the election. Without such petition that court would have no power to act in the matter, and an order made by it for such an election, without such petition, or upon an insufficient petition, would be a nullity, and the election held in pursuance thereof would be a nullity. If there was a petition in accordance with the requirement of the law, it would be easy to produce it in evidence. The law requires it to be filed with the clerk of the County Court, and it should be found among the archives of his office. Suppose that when this petition is produced, and it is found to have been signed by *ten* instead of *fifty* qualified voters of the county, would the election be a valid one, and in accordance with the laws of this State? We think not. The order declaring the result of the election is *prima facie* evidence that the election had been properly held in accordance with law, provided the jurisdiction of the court had been first established, and provided the proceedings upon their face do not show that the election was not held in accordance with law. That order also recited that the "Blade," the newspaper in which the order was required

by the court to be published, had the largest circulation of any newspaper published in the county, and this recital, we think, was *prima facie* evidence of that fact.

In the case of *Boone* v. *State*, 10 Texas Ct. App., which was a prosecution under this same statute, this court said: " This being a prosecution for the violation of art. 378, known as the Local Option Law, the election and all of the steps taken by the Commissioners' Court in reference thereto must have been in pursuance of the act governing the same." In that case, the order for the election was made on the 10th day of August for the election to be held on the 10th day of September, being one day over thirty days, when the law provides that the election should be held *not exceeding* thirty nor less than fifteen days from the date of the order. This was held to be fatal to the legality of the election.

The evidence in this case showed that the defendant sold a liquid called " Tolu," which was put up in a bottle. The bottle was sealed and had a label and prescription on it, and a revenue stamp. Defendant was a merchant, and also sold drugs and patent medicines. He had other bottles marked " Tolu," similar to this particular bottle, in his house for sale. The liquid in this bottle smelled and tasted like whiskey, and some who drank it were affected as if they had drank whiskey. Defendant's clerk testified that this " Tolu " was put up at the North, and was received by defendant in cases like other patent medicines. Defendant proved by a physician that " Tolu " was a medicine prescribed as a tonic and expectorant, and that there were several preparations of it. Defendant proposed to prove by his clerk the ingredients or component parts of the " Tolu " sold by defendant. The county attorney objected to this evidence and it was rejected. Defendant also asked the same witness what effect this " Tolu " had on him when he had taken it according to prescription. The county attorney objected, and the witness was not

permitted to answer. Defendant also proposed to prove by a physician that he was acquainted with the preparation called "Tolu," and then to prove by him what it was made of. The county attorney objected, and the witness was not permitted to answer. Defendant excepted to these several rulings of the court, and presents the same fully by bills of exception.

We think the court erred in refusing to admit the testimony offered. The defendant certainly had the right, if he could do so, to prove that the liquid he sold was not within the inhibition of the statute,— that it was a medicine and not an intoxicating liquor; and he would be entitled to prove any fact or circumstance tending to rebut and disprove the charge made against him.

For the errors which we have mentioned, the judgment is reversed and the cause remanded.

*Reversed and remanded.*